UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RICHARD A. CLARK                                    CIVIL ACTION

Versus                                              NO. 10-4253

MURPHY EXPLORATION AND PRODUCTION CO.               SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment on the issue of plaintiff's borrowed employee status. For the reasons given below, the motion is DENIED.

**Background**

Plaintiff Richard Clark worked as an operator for the Wood Group.  Defendant Murphy Exploration and Production Co. contracted with the Wood Group to provide labor services for its facilities in the Gulf of Mexico.  The Wood Group assigned plaintiff to work on Murphy's oil spar production platform, the MEDUSA, in the Gulf.  In late October 2009, the plaintiff was helping a Murphy crane operator move totes on the main deck of the MEDUSA.  Plaintiff alleges that he was hurt when the crane operator swung one of the totes into him, injuring his back.

I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

2

II. <u>Borrowed employee status</u>

To determine whether a plaintiff is a company's borrowed employee, courts consider nine factors:

1.  Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?
2.  Whose work is being performed?
3.  Was there an agreement, understanding, or meeting of the minds between the original and borrowing employer?
4.  Did the employee acquiesce in the new work situation?
5.  Did the original employer terminate his relationship with the employee?
6.  Who furnished tools and place for performance?
7.  Was the new employment over a considerable length of time?
8.  Who had the right to discharge the employee?
9.  Who had the obligation to discharge the employee?

<u>Melancon v. Amoco Prod. Co.</u>, 834 F.2d 1238, 1244 (5th Cir. 1988). While "no one of these factors, or any combination of them, is decisive, and no fixed test is used to determine the existence of a borrowed-servant relationship," <u>Ruiz v. Shell Oil Co.</u>, 413 F.2d 310, 312-13 (5th Cir. 1969), the central question is "whether someone has the power to control and direct another person in the performance of his work."  <u>Hebron v. Union Oil Co. of California</u>, 634 F.2d 245, 247 (5th Cir. 1981).

Whether a person is a borrowed employee is a question of law but one which often is driven by important factual disputes. <u>Billizon v. Conoco, Inc.</u>, 993 F.2d 104, 105 (5th Cir. 1993). Having considered the record, the Court finds that there are

genuine issues of material fact in this case, which make summary relief inappropriate.

Plaintiff contends that although Murphy assigned the tasks that he and the other Wood Group employees were to complete, it was plaintiff's Wood Group supervisors who showed him how to perform the work, and who managed the plaintiff's schedule while on board the MEDUSA.  The disputed extent of the control that the Wood Group and Murphy each had over the plaintiff is a question of fact properly decided by a jury.

Accordingly, IT IS ORDERED: that the defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, October 5, 2011

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE